IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18 CR 439 RWS ) |
| William Hampton | ) ) ) ) |

**SENTENCING MEMORANDUM**

Counsel requests this Court impose a below guideline sentence of 18 months. The history and characteristics of Mr. Hampton support a small variance from the advisory guideline range of 24-30 months. Specifically, counsel points to William's upbringing, the repeated incarceration of his father, the substance abuse and mental illness in his childhood home and his lack of education and training. The combination of these factors support a period of incarceration followed by the services of the United States Probation Office. While under their supervision, Mr. Hampton will be able to address these issues which have contributed to his poor decision making and current incarceration.

From a very young age William Hampton was faced with chaos and drug abuse. His father and his namesake, William Hampton Sr. suffered from untreated depression, anxiety and major substance abuse. William Jr. was born when his parents were only sixteen. From the time William was born his father was in and out of various correctional facilities. When William was only six years old his father received his first federal sentence of 41 months in the Federal Bureau of Prisons. After serving many years in the BOP, Hampton Sr. was returned to federal prison twice for supervised release violations. His violations reflect he was arrested for many new charges and that he continued to use illicit drugs.

In 2015 Hampton Sr. was confined and underwent a psychiatric evaluation.  Eventually the Court determined he was competent to proceed but noted a history of mental health issues.   Finally, in 2016 Hampton Sr. was returned to Federal Prison for a new weapons charge.  He was sentenced to 51 months and remains in custody.

All of William's life he endured his father's drug use, depression and incarceration.   While Hampton Sr. served his repeated sentences, William lived with his mother and younger brothers.  His mother, Lashaunda Isreal,  remained loyal to her long term partner. Every time Hampton Sr. was released from prison he would reunite with William and his mother.  Ms. Isreal struggled to raise her children.  Due to the repeated incarceration of William's father she had little support financially or emotionally.  William was sent to counseling while in grade school to address his natural outbursts every time his father left again.   Unfortunately, Ms. Isreal lacked the sophistication or resources to expand William's counseling or follow up outside of school. In fact, in her misguided judgment, Ms. Isreal refused to send William to high school because of the dangerous neighborhood. William signed up for Job Corps but with little guidance from his mother and his father's recent incarceration, he did not attend even the first day.  William left school in November 2015 during which time his father was awaiting federal sentencing.  In February, 2016 William's father was sentenced and returned to the BOP.  In June, 2016 William was arrested for his first criminal charge.  Today he faces sentencing for possessing a firearm on June 29, 2016, his first and only conviction.

William describes his childhood as "normal" and "just like everyone else's."    While his childhood may not have been unique for the neighborhood in which he was raised, it was far from ideal.  He lived in neighborhoods where shootings and violence were normal – to the extent that his mother eventually refused to send him to school.   A childhood like everyone else's meant father's went to prison. William was one of many in his school living with a single parent struggling without the help of

the incarcerated parent.   Drug use in the home was not abnormal and mental health issues and stressors went uncounseled.  Ms. Isreal is doing her best to take care of William's younger brothers, but William is going to need the services of the U.S. Probation office to put his life on a different track.

William is interested in learning auto mechanics.   His Holland Code assessment shows this is a fitting goal for him although he will need to secure his GED first.   The PSR cites his lack of employment and education as potential grounds for an upward variance.   Given his young age, his incarceration from age 18 to 20 for charges that were ultimately dismissed and his incarceration on the current charges only six weeks after his release his lack of employment history is inevitable.  Fortunately, the BOP and the USPO have the resources to provide  Mr. Hampton with much needed counseling, job training and education.   He is eager to avail himself of those services.

The government has requested an upward variance in this matter due to the fact that in an unrelated incident Mr. Hampton is alleged to have fled from the police in a stolen car which contained a firearm.  Mr. Hampton is facing criminal charges related to that conduct in cause 1822-CR1904-01.  Contrary to the government's assertion, the guidelines DO address Mr. Hamptons additional criminal conduct.  The guidelines specifically cite a sentence in a pending case may be ordered to run consecutively with a sentence in an instant case.  Thus, if the Court finds the conduct charged in 182-CR1904-01 instructive on the appropriate sentence in this case, the Court should order such sentences to run consecutively.   If such conduct is incorporated into the sentence in the instant offense, such sentences should be ordered to run concurrently.   The guidelines do not advise a defendant should receive an upward variance for an unrelated state case AND receive a consecutive sentence.   The guidelines provide a manner to address unrelated conduct in the form of consecutive sentences.   An upward variance would result in an unwarranted sentencing disparity with the multitude of defendants in this District facing unrelated State charges.  Mr. Hampton's unrelated conduct should be addressed in

the form of a consecutive sentence – but not in the form of an upward variance which is also ordered to run consecutively.

  WHEREFORE, counsel requests that the Court consider the above information when determining the appropriate sentence in this cause.

           Respectfully submitted,

           /s/Nanci H. McCarthy
           NANCI H. MCCARTHY
           Assistant Federal Public Defender
           1010 Market Street, Suite 200
           St. Louis, Missouri 63101
           Telephone: (314) 241-1255
           Fax: (314) 421-3177
           E-mail: Nanci_McCarthy@fd.org

           ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Jennifer Roy, Assistant United States Attorney.

           /s/Nanci H. McCarthy
           NANCI H. MCCARTHY
           Assistant Federal Public Defender